# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| MATTHEW R. SWANSON, | No. 1:23-cv-6-KJM-KJN |
|---|---|
| Plaintiff, | ORDER FOR SUPPLEMENTAL BRIEFING |
| v. | |
| JUSTIN R. HARRISON, et al., | |
| Defendants. | |

Plaintiff Matthew R. Swanson maintains claims of trademark infringement, trademark counterfeiting, and related state law claims against defendants Justin R. Harrison, Samantha J. Harrison, Rockers Guitar, Ltd., The British Pedal Company, London Vintage Guitars, Denmark Street Guitars, and Hanks Guitar Shop. (ECF No. 2.) Presently pending before the court is plaintiff's motion for default judgment, filed on June 14, 2023, against all defendants on all claims. (ECF No. 32.) In order to resolve plaintiff's motion, the court requires supplemental briefing, to be filed by January 8, 2024, on the following subjects:

1. In the briefing, plaintiff states he wishes the court to take judicial notice of certain facts, citing his request for judicial notice in support of motion for default judgment at ¶ 1. (ECF No. 32 at 4.) No such request was filed. Should plaintiff still wish the court to take notice of certain facts, this request must be filed with the court.

///

2. In the complaint and briefing, plaintiff asserts the court has personal jurisdiction over defendants, all U.K. citizens. (See ECF No. 2 at ¶¶ 6-7 (averring personal jurisdiction because defendants purposefully directed acts at this district, purposefully availed themselves of the forum, and are subject to California's long arm statute).) Despite these averments, the complaint and briefing appear to omit necessary facts on topic, instead simply stating defendants offered and sold the infringing goods via a website to "a customer in the United States." (Id. at ¶ 41.) This does not comport with recent law in this circuit, as it is not clear whether the goods were actually sold to a customer in this forum. See Herbal Brands, Inc. v. Photoplaza, Inc., 72 F.4th 1085, 1092 (9th Cir. 2023) (noting that operating a website "in conjunction with 'something more'—conduct directly targeting the forum—is sufficient" to satisfy the express aiming prong, and holding that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant 'expressly aimed' its conduct at that forum."). If plaintiff intends to take advantage of this recent holding from the Ninth Circuit, he must inform the court of the forum where this customer purchased the goods in question. If plaintiff means for the court to have personal jurisdiction over defendants under some other framework, he shall provide this argument in the supplemental briefing.

3. Plaintiff moves for default judgment on ten claims against all defendants. However, given the facts, these claims appear duplicative of one another. Thus, it is likely that granting default on, for example, the trademark infringement claim will provide plaintiff with all the relief he seeks, allowing for dismissal of the remaining claims. If plaintiff believes there is some relief he seeks that cannot be afforded against any defendant under the first claim only, he shall argue as much in the supplemental briefing.

Dated: December 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

swan.6